UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

THOMAS HUBBARD,
    Plaintiff,

Case No. 2020-00294-CV

v

Hon. Janet T. Neff

ABBOTT BAILBONDS AGENCY LLC,
RICHARD LEE ABBOTT, JOHN DOE #1,
and JOHN DOE #2,
    Defendants.

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | RAOUL GRAHAM (P66996) |
| DAVID A. DWORETSKY (P67026) | TIM SEEGER (P83315) |
| FIEGER, FIEGER, KENNEY & HARRINGTON P.C. | GREWAL LAW, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 19390 West Ten Mile Road | 801 Broadway N.W. Suite 302 |
| Southfield, MI 48075 | Grand Rapids, MI 49504 |
| (248) 355-5555 | (616) 259-8463 |

---

### DEFENDANTS' REQUEST FOR PRE-MOTION CONFERENCE

**NOW COME**, Defendants Abbot Bailbonds Agency LLC, Richard Lee Abbot, John Doe #1, and John Doe #2 ( "Defendants") by and through their attorneys Grewal Law PLLC, and requests a Pre-Motion Conference seeking to file a Motion to Dismiss under Rule 12(b)(6) of all claims against Defendants. A separate Motion for an extension of time to file a responsive pleading has also been filed pursuant to Your Honor's guidelines.

### I.    Statement of the Case

The incident giving rise to Plaintiff's claims arose on December 14, 2019, Plaintiff claims in paragraphs 23 and 26 of the *common factual allegations* of the complaint that he was gratuitously sprayed in the face with Mace and kicked; and that the actions by Defendant were performed under color of law while Plaintiff was "free of wrongful conduct and/or fault" and "…at no time…a threat [to Defendants].." (*See generally*, Plaintiff's complaint).

Plaintiff improperly alleges 1) negligence and/or gross negligence against all Defendants; 2) excessive force contrary to 42 U.S.C. Section 1983 against all Defendants except John Doe #2; and 3) failure to intervene "…to prevent violation of Plaintiff's Fourth or [sic] Fourteenth

Amendment Rights". (*See generally,* Plaintiff's Complaint). Plaintiff also claims supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. (Plaintiff's Complaint, ¶ 10).

## II. Relief Requested

Defendants now seek a Pre-Motion Conference to allow Defendants to file a Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's complaint in its entirety and with prejudice for **1)** failure to state a negligence claim because the acts alleged are intentional; **2)** failure to state a Federal question under 28 U.S.C. Section 1331; **3)** failure to show a State actor as required by 28 U.S.C. Section 1343 and 42 U.S.C. Section 1983; and **4)** improper venue contrary to 28 U.S.C. Section 1391(d), for the reasons set forth below.

## III. Summary of Defendant's Position.

**Plaintiff fails to state a cause of action under 42 U.S.C. § 1983 because Defendants are not state actors.** Defendants were not government agents or employees, were not exercising power possessed by virtue of state law, and were not clothed with the authority of state law. In short, Defendant's were not "state actors" as alleged; thus, Plaintiff has failed to state a claim against Defendants and this Court lacks jurisdiction.

Plaintiff fails to establish any relation between Defendants and the State, alleging only the boilerplate generality that they "were acting under the color of law based on their capacity as bail bondsmen." (Plaintiff's Complaint; ¶ 20). The Sixth Circuit has not yet ruled on whether bail bondsmen are state actors when attempting to apprehend a bail jumper. However, several other federal courts have held that bondsmen are <u>not</u> state actors, and the 6th Circuit routinely looks to the majority position of other circuits when resolving undecided issues of law. *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 278 (6th Cir. 2010).

In sum, bail bondsmen are not state actors. *See, e.g.*, *Weaver v. James Bonding Co.,* 442 F.Supp.2d 1219 (S.D. Ala. 2006); *Helman v. Barnett's Bail Bonds, Inc.,* No. 3:16CV560-PPS/MGG (N.D. Indiana November 20, 2017); Therefore, Plaintiff has failed to allege a claim in which relief can be granted and has failed to properly state a Federal question for this Court to have jurisdiction under 28 U.S.C. Section 1331.

**Defendant Abbot Bailbonds Agency cannot be held vicariously liable for the Constitutional Torts of its Agents or Employees.** Plaintiff asserts that Defendant Abbot Bailbonds Agency, LLC is vicariously liable for the actions of its employees, agents, and/or representatives under 42 U.S.C

§ 1983. Not only is Abbott Bailbonds not a state actor subject to 42 U.S.C. Section 1983, but the doctrine of *respondeat superior* is not extended to claims for Section 1983 violations.

The United States Supreme Court has ruled that a municipal corporation cannot not be held liable under Section 1983 for the Constitutional torts of its employees. *Monell v. Dep't of Social Services*, 436 U.S. 658, 663 n. 7 (1978). Every circuit to consider the issue has extended this holding to private corporations as well. *Street v. Corrections Corporation of America,* 102 F.3d 810, 818 (6th Cir. 1996); quoting *Harvey v. Harvey,* 949 F.2d 1127, 129-30 (11th Cir. 1992). In sum, because Abbot Bailbonds Agency is a Limited Liability Company, it cannot be held vicariously liable under *respondeat superior* for any alleged Constitutional torts of its employees. As a result, Plaintiff has failed to state a claim for which relief can be granted and this complaint must be dismissed.

**The Court should not exercise Supplemental Jurisdiction over Plaintiff's State Law Claims.** The Court should decline to exercise jurisdiction of the state law claims for two reasons: First, as established above, Plaintiff's federal claims against all Defendants fail to state a claim for which relief can be granted; and second, Plaintiff is improperly attempting to plead a claim for negligence when he has plead an alleged intentional tort.

Notwithstanding the dismissal of Plaintiff's federal-claims for failure to establish Defendants as state actors, Plaintiff has failed to properly plead a state-law claim in his Complaint. Here, Plaintiff's common allegations allege the intentional conduct of a common law Battery claim. Thus, Plaintiff has not sufficiently plead a claim of negligence due to the intentional nature of the act described, and the failure to establish duty.

### IV.   Conclusion

For the foregoing reasons, Defendants respectfully seek a conference to set a briefing schedule for Defendant's Motion to Dismiss. If granted, Defendants will be in a position to promptly file its motion and accompanying brief.

Respectfully Submitted,

s/ Raoul Graham

Dated:  April 30, 2020
**Raoul Graham (P66996)**
Grewal Law, PLLC
Attorneys for Defendants