UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HUBBARD,

    Plaintiff,

v.

ABBOTT BAILBONDS AGENCY LLC, et al.,

    Defendants.
_____/

Case No. 1:20-cv-294

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Thomas Hubbard brings this action against Abbott Bailbonds Agency LLC and three of its employees. Hubbard contends that these employees (identified in the complaint as Richard Lee Abbott, "John Doe #1," and "John Doe #2") injured him after making an arrest that was "in furtherance of the interests" of Abbott Bailbonds. (Compl. ¶ 16, ECF No. 1.) Before the Court is Defendants' motion to dismiss the complaint. For the reasons herein, the Court will grant the motion.

### I. BACKGROUND

Abbott Bailbonds apparently posted a surety to secure the release of Hubbard's son while he awaited trial on criminal proceedings against him. Hubbard's son did not appear for a scheduled court hearing, so the court revoked his release. Employees of Abbott Bailbonds went to Hubbard's home to arrest his son. When Hubbard's son arrived, Defendants restrained him and put him under arrest. After doing so, they allegedly sprayed mace in Hubbard's face and kicked him in the back.

Hubbard sues Abbott Bailbonds and its employees for the injuries he sustained. Count I of the complaint claims that Defendants were negligent under state law. Count II and III assert

claims under 42 U.S.C. § 1983, alleging excessive force in violation of the Constitution and failure to intervene to protect Hubbard's constitutional rights.

Defendants move for dismissal of the complaint. They argue that the complaint fails to state a federal claim under 42 U.S.C. § 1983. And they ask the Court to decline to exercise supplemental jurisdiction over the state law claims.

## II. STANDARD

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Assessment of the complaint must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to

in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

**A. Federal Claims**

Defendants argue that the complaint does not state a federal claim against them because they are not state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

The conduct of a private party will be deemed to constitute state action only if it meets one of three (or four) narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357-58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Third, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49-50. *See generally*, *Lugar*, 457 U.S. at 936-39 (discussing three tests). Finally, the Court of Appeals

3

has referred to an "entwinement test," under which the action of a private party constitutes state action where the party "'is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it.'" *Vinstein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 128 (6th Cir. 2009) (quoting *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001)).

### 1. Public function test

Bail bondsmen are not state actors under the public function test when making an arrest because arrests are not traditionally the exclusive prerogative of the State. States have long permitted private citizens to make arrests. *See Weaver v. James Bonding Co.*, 442 F. Supp. 2d 1219, 1224 (S.D. Ala. 2006) (collecting cases). Also, the system of bail bonding has been "administered by private citizens and businessmen . . . since the inception of the American legal system[.]" *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1260 (M.D. Fla. 2004). "[I]t is not enough that the function serves the public good or the public interest in some way." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928-29 (2019). Rather, "the government must have traditionally *and* exclusively performed the function." *Id.* That requirement is not met here.

### 2. State compulsion test

Bail bondsmen are not state actors under the state compulsion test because states do not coerce them to make arrests, let alone arrests that involve excessive force or that result in injury to third parties. *See Weaver*, 442 F. Supp. 2d at 1224 ("[T]here is absolutely no evidence that the State of Alabama has coerced or encouraged bail bondsmen to use excessive force in carrying out arrests, or even that Alabama has coerced or encouraged bail bondsmen to carry out arrests in any manner.").

### 3. Entwinement test

Hubbard alleges no facts to satisfy the entwinement test. He does not allege that Defendants are entwined with public institutions or public officials.

### 4. Symbiotic relationship or nexus test

Under the symbiotic relationship or nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). "Merely because a business is subject to state regulation does not by itself convert its action into state action. Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id.* (citation omitted).

The Court of Appeals for the Fourth Circuit has concluded that bail bondsmen are state actors due to their "symbiotic relationship" with the court system. *See Jackson v. Pantazes*, 810 F.2d 426, 430 (4th Cir. 1987). The court noted that bail bondsmen "depend, for their livelihood, upon the judicial use of a bail bond system, and they are licensed by the state. In return, bondsmen facilitate the pretrial release of accused persons, monitor their whereabouts and retrieve them for trial." *Id.*

In contrast, the "majority of circuits," including the courts of appeal for the Fifth, Eighth, Ninth, and Tenth Circuits, "have focused on whether the bondsmen enlisted the assistance of law enforcement officers in arresting their principals and, in the absence of allegations that law enforcement officers provided affirmative assistance or joined bondsmen in effecting the apprehension as joint actors, these courts have not found state action." *See Lopez v. Zouvelos*, No. 13-CV-6474 MKB, 2015 WL 5657361, at *8 (E.D.N.Y. Sept. 23, 2015) (collecting cases); *see, e.g., Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996) (bail bondsmen not state

5

actors because they did not proport to act pursuant to a warrant and did not enlist the assistance of law enforcement).

Like other courts, this Court is not persuaded that the benefit to the state identified in *Jackson v. Pantanzes* suffices to create a symbiotic relationship because bail bondsmen have a "legitimate, independent motivation" for their actions; they are motivated by financial gain rather than an intent to assist law enforcement. *United States v. Poe*, 556 F.3d 1113, 1124 (10th Cir. 2009). In addition, states have their "own official arms for securing the presence of a fugitive defendant"; a bail bondsman "is in the business in order to make money and is not acting . . . to vindicate the interest of the state." *Outz v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 555 (9th Cir. 1974) (quotation marks omitted). In short, the Court agrees with the federal courts that have held that bail bondsmen are not state actors when they apprehend fugitives without the assistance or participation of law enforcement. Here, Hubbard alleges no involvement by the state at all in the events giving rise to his injuries. Thus, there is no basis for inferring that Defendants acted under color of state law.

Hubbard attempts to save his claims by arguing that Defendants were acting upon "statutory authority" to apprehend Hubbard's son and deliver him to jail, citing Mich. Comp. Laws § 765.26, which states:

> (1) In all criminal cases where a person has entered into any recognizance for the personal appearance of another and such bail and surety afterwards desires to be relieved from responsibility, he or she may, with or without assistance, arrest or detain the accused and deliver him or her to any jail or to the sheriff of any county. In making the arrest or detainment, he or she is entitled to the assistance of any peace officer.
>
> (2) The sheriff or keeper of any jail is authorized to receive the principal and detain him or her in jail until he or she is discharged. Upon delivery of his or her principal at the jail by the surety or his or her agent or any officer, the surety shall be released from the conditions of his or her recognizance.
>
> . . .

6

Mich. Comp. Laws § 765.26.  However, the Supreme Court has made clear that "[a]ction by a private party pursuant to [a state] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'"  *Lugar*, 457 U.S. at 939.  In other words, statutory authority alone does not render Defendants' actions attributable to the state.

Hubbard also argues that Defendants possessed a warrant issued by the state court and were acting pursuant to that warrant.  These facts are not alleged in the complaint, but Hubbard argues that if the Court gives him leave to amend, he can allege state action based on these facts.  However, the Court agrees with the Fifth Circuit that the mere possession of a warrant is not sufficient to render a bail bondsman's actions taken under color of state law.  *Landry*, 75 F.3d at 204-05.  Moreover, the statute cited by Defendant indicates that a surety can arrest a defendant "with or without assistance"; it makes no mention of the need to obtain a warrant.  *See* Mich. Comp. Laws § 765.26(1).  Thus, even if Defendants possessed the warrant, there is no reason to believe that they were acting pursuant to it.

Hubbard argues that he "expressly alleges that the Defendants were acting under the color of [state] law, and this fact must be taken as true at the inception of litigation for purposes of a Rule 12(b)(6)." (Pl.'s Resp. 13, ECF No. 21.)  On the contrary, that allegation is a legal conclusion unsupported by allegations of fact.  The Court is not required to accept the truth of conclusory assertions.

Finally, Hubbard argues that the Court should allow him to proceed to discovery to "flush out whether there is a sufficient nexus" so that he can plead or show that Defendants acted under color of state law.  (*Id.* at 16.)  However, Hubbard's burden at this stage of the proceedings is to state a plausible claim.  He has not done so.  He cannot open the doors to discovery with a deficient

7

complaint that alleges only the "mere possibility" of a claim under § 1983. *See Iqbal*, 556 U.S. at 679.

In short, Hubbard's allegations fail to state a claim under § 1983 because they do not allege facts from which to reasonably infer that Defendants were acting under color of state law. To the extent Hubbard seeks leave to amend his complaint, the Court is not persuaded that amendment will cure the deficiencies in his complaint. Accordingly, the Court will dismiss the federal claims.

### B. State Law Claims – Supplemental Jurisdiction

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

At this early stage of the litigation, the interests of judicial economy and the avoidance of multiplicity of litigation do not weigh in favor of exercising supplemental jurisdiction over Hubbard's claims arising under state law. Thus, the Court will dismiss those claims without prejudice.

### IV. CONCLUSION

For the reasons stated, the Court will dismiss Plaintiff's complaint. An order and judgment will enter consistent with this Opinion.

Dated:   April 23, 2021                              /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    UNITED STATES DISTRICT JUDGE